
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CARLA A. HILLS, Personal Representative of the Estate of Roderick M. Hills, <br><br> Defendant. | Civil Action No. 15-cv-01586 (JDB) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING JUDGE
MARRA'S RECENT DECISION**

On June 1, 2016, the district court in the Chiquita multi-district litigation ("Chiquita MDL"), issued its order on the Individual Defendants' Joint Consolidated Motion to Dismiss ("Consolidated MTD"), Chiquita MDL Dkt. 735, which Defendant Carla A. Hills joined in full; and on parts of Ms. Hills's Motion to Dismiss ("Hills MDL MTD"), Chiquita MDL Dkt. 912.[1] Order, *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.,* Case No. 0:08-md-01916 (S.D. Fla. June 1, 2016) Dkt. 1110 ("MDL Order"). Declaration of Zamira Djabarova ("Djabarova Decl.") Ex. 1.

The MDL Order largely denies the Consolidated MTD, particularly as it pertains to Defendant Hills. Judge Marra ruled that (1) exhaustion of local remedies need not be pled in a complaint under the Torture Victim Protection Act (TVPA), *id.* at 19; (2) Plaintiffs provided adequate support for equitable tolling, such that their claims cannot be dismissed on the basis of the statute of limitations, *id.* at 21-22; (3) the allegations against the decedent, Mr. Hills, are sufficient to meet both *mens rea* and *actus reus* elements of an aiding and abetting liability claim under the TVPA and to infer that Mr. Hills joined the conspiracy with knowledge of its goals and intent of helping to achieve them, *id.* at 25-30. The court also denied dismissal of Colombian law claims. *Id.* at 35.

In addition, the MDL court concluded that although the "New Jersey" Plaintiffs had not shown that several of the Individual Defendants were subject to personal jurisdiction in New Jersey, any jurisdictional deficiency should be cured by suggesting that the Judicial Panel on Multidistrict Litigation remand the claims against the Individual Defendants, including Ms. Hills, to the District of New Jersey. That court could then transfer the claims to district courts with personal jurisdiction over the Individual Defendants, and then the claims could be re-transferred to the MDL court pursuant to the standing MDL order. *Id.* at 34-35, 39.

Although the court addressed some of the objections raised in the Hills MDL MTD, Judge

---

[1] The Consolidated MTD and the Hills MDL MTD are attached as Exhibits 16 and 15, respectively, to the Declaration of Dimitri Portnoi in Support of Request for Judicial Notice, Dkt. 9-1.

1

Marra reserved the ultimate disposition of the Hills MDL MTD based on his understanding that some of the issues relating to D.C. probate law may overlap with issues pending in this Court. *Id.* n.9. The MDL Order thus clarifies which issues it is appropriate for this Court to rule on.

I.  **Following the MDL order, consolidation of the MDL and this action is likely in front of this court.**

The MDL court recommended that the JPML remand claims against Ms. Hills and other Individual Defendants, in order to allow the originating courts to determine whether transfer to a court with personal jurisdiction is appropriate under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631.[2] MDL Order at 34. Judge Marra made this recommendation in the interest of justice, *id.,* a finding that warrants a transfer under either statute.

Because the JPML typically defers to an MDL judge's recommendations regarding remand, *United States ex rel. Debra Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 36 (D.D.C. 2007), the JPML is highly likely to remand Plaintiffs' claims against Ms. Hills in the New Jersey case. At that point, the District of New Jersey would be required to transfer to a district with personal jurisdiction, if it is in the interests of justice to do so. *See* 28 U.S.C. § 1631. Claims against Ms. Hills would, therefore, most likely be transferred to this District. Pursuant to D.D.C. local rules on related cases, the instant case and the New Jersey case (between the same parties and arising out of the same conduct as this action) are likely to be assigned to the same judge. D.D.C. Loc. R. 40.5. Because the cases involve the same claims against the same defendant, consolidation would then be appropriate, followed by transfer to the MDL court, pursuant to the standing MDL order.[3]

---

[2] Following Judge Marra's recommendation for remand, the JPML issued a Conditional Remand Order (CRO) of the D.C. and New Jersey cases. Plaintiffs have partially objected to this order, to the extent that it would remand claims against Chiquita as well as the Individual Defendants. The Individual Defendants have objected to the CRO.

[3] Elsewhere, Ms. Hills acknowledges that this is the likely path for the New Jersey case: "The MDL Court's order contemplated that the New Jersey Complaint could be transferred to the District of New Jersey, which might transfer it to a district(s) that has personal jurisdiction over each individual

## II. The MDL order effectively resolves several issues pending before this court.

Judge Marra's order effectively resolves several issues raised in Ms. Hills's Motion to Dismiss, Dkt. 8, as well as in Plaintiffs' Motion to Transfer. These include Ms. Hills's argument about the "first-filed rule," arguments about the statute of limitations, and Plaintiffs' request for a venue transfer or stay.

### a) Defendant has no case for dismissal based on the first-filed rule.

Defendant has argued that due to extensive overlap between this action and the MDL case, this Court should dismiss this action under the first-filed rule. Mot. to Dismiss at 2, Dkt. 8. This argument, which should have failed to begin with, is obliterated by Judge Marra's order: the "first-filed" case is now on its way to this District. Not only has Judge Marra not expressed a desire that this case should be dismissed in favor of the New Jersey case, *see Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 556 n.4 (S.D.N.Y. 2000), he has reserved ruling on aspects of the Hills MDL MTD pending this Court's resolution of the Motion to Dismiss here. That necessarily warrants that this case proceed, because Judge Marra is deferring to *this* Court. There is no risk of inconsistent rulings, and there is every likelihood that the two cases will be consolidated in the near future.

### b) The MDL court addressed the timeliness issues; any remaining issues should be addressed upon consolidation and re-transfer.

Plaintiffs argued here that their claims were tolled until at least 2007, because they were tolled during Colombia's civil conflict. Pls' Opp'n to Def.'s Mot.to Dismiss at 27-30, Dkt. 14. Judge Marra agreed. He held that the individual defendants, including Carla Hills, could not prevail on their statute of limitations arguments because "the Complaints [] adequately describe plausible factual scenarios which would support [] equitable tolling." MDL Order at 22. More specifically,

---

defendant (including Defendant), which might transfer it back to the MDL Court." Def.'s Opp'n to Pls' Mot. for Stay, *John Doe v. Carla Hills,* Case No. 2016 LIT 000017, at 4 (D.C. Super. Ct.) (06/23/2016). Djabarova Decl. Ex. 2.

Judge Marra concluded that the Plaintiffs adequately alleged that civil conflict, including the fact that the AUC was engaged in widespread human rights abuses and committed killings with impunity, precluded Plaintiffs from filing suit against the Individual Defendants "until 2007 at the earliest." *Id.* That, of course, resolves any argument based on the timeliness of the TVPA claims, since the TVPA has a 10-year statute of limitations.

Judge Marra also specifically held that this equitable tolling applies to extend "the limitation period[s] which apply to the Colombian law claims of the D.C. Plaintiffs." *Id.* at 36. This effectively resolves the objections raised by Ms. Hills as to the timeliness of the claims here. To the extent that any questions remain, they should be addressed by Judge Marra following transfer.

### c) Plaintiffs' motion for stay or transfer is no longer relevant.

Plaintiffs had moved for venue transfer under 28 U.S.C. § 1404(a), but acknowledged that such transfer was unavailable if Ms. Hills was not subject to personal jurisdiction in Florida. At this point, transfer – which was primarily for the purpose of unifying this case with the New Jersey case – is moot, because the New Jersey case is on its way to this District.

Plaintiffs had also moved for a stay of this action pending resolution of the MDL case due to the overlap between the actions. *See* Dkt. 12. The motion for stay is no longer relevant because the MDL court already addressed the overlapping issues. *See* MDL Order. The arguments in favor of such a stay, however, militate in favor of deferring to Judge Marra's ruling on these issues.

### III. The court should proceed to rule on the remaining questions.

The remaining questions raised by Ms. Hills are mostly insubstantial – including the argument about timeliness of service, Mot. to Dismiss at 21, and the notion that this tort action somehow violates the Anti-Injunction Act or the Rooker-Feldman Doctrine, *id.* at 13-15. What Judge Marra's order makes clear, however, is that he does intend to defer to this Court on "probate" questions – which are actually questions of federal jurisdiction, not probate law.

4

Those questions are 1) whether the D.C. Superior Court is the "exclusive" jurisdiction for federal tort claims against an administrator of an estate, Mot. to Dismiss at 8-11; whether the "probate exception" ousts federal jurisdiction over federal tort claims against an administrator of an estate, Mot. to Dismiss at 11-13; and whether D.C. probate law does, in this case – or even could, under federal law – "bar" federal tort claims in federal court, Mot. to Dismiss at 22-25. As Plaintiffs have previously set forth, the claims in the instant case, like the New Jersey case, are ordinary tort claims against the administrator of an estate based on the conduct of a decedent; they are not "probate" claims in any sense, and federal jurisdiction is secured under *Marshall v. Marshall*, 547 U.S. 293, 314 (2006). *See* Opp'n to the Mot. to Dismiss, Dkt. 14, at 11. The probate exception to federal jurisdiction is narrow and does not encompass the issue before this court. *Marshall*, 547 U.S. at 314.

The MDL court's reservation of Ms. Hills's Motion to Dismiss pending the resolution of the motion in this Court emphasizes what is at stake. Neither this nor the New Jersey case is about Plaintiffs' ability to collect in probate, but rather about the decedent's liability for tort claims over which there is unquestionably federal jurisdiction. The final enforcement of any judgment may need to proceed in probate court,[4] but not adjudication of liability. This Court should rule accordingly.

For the foregoing reasons, this Court should defer to the MDL court on the timeliness of Plaintiffs' claims, recognize that the "first-filed rule" argument no longer has any relevance under the current circumstances, and proceed to rule on the other arguments raised by Defendant.

Dated: June 27, 2016
/s/ *Marco Simons*
Marco Simons
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188

---

[4] Plaintiffs' verified complaint against the Roderick M. Hills Declaration of Trust is currently pending in D.C. Superior Court, Probate Division. Plaintiffs have moved for a stay of those proceedings pending resolution the federal actions. Plaintiffs' ability to collect on a potential judgment would be resolved by the Superior Court in that action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 27th day of June, 2016. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

Dated: June 27, 2016

/s/ Marco Simons
 Marco Simons
marco@earthrights.org
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188